EDMUND D. COOK, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. COMMERCIAL CASUALTY INSURANCE COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.

Decided May 16, 1936.

For the plaintiff, *Charles DeF. Besore, Thomas Potter* and *Hervey S. Moore.*

For the defendant, *William A. Moore* and *Howard K. Shaw.*

OLIPHANT, C. C. J.   This case was tried before the court without a jury upon stipulation by the parties that a trial by jury be waived and the matter heard and determined by the court.

The case was at issue on April 18th, 1927, but the taking of testimony was not completed until February 25th, 1936, and briefs were filed in April, 1936.

It is an action on a bond given by the defendant to secure the performance by one Gallena-Poole Company, Incorporated, of a contract made by that company with the plaintiff for the construction of certain roads and the performance of certain other work at Battle Park, Princeton township, New Jersey.   The contract provided that "the said materials, work and labor to be of a value of $5,000 as provided in the proposal thereafter hereto annexed and made a part hereof" and the consideration as set out in the contract was the sum of $5,000 "payment to be made by the cancellation of the promissory note for $5,000 dated March 9th, 1925, made and

delivered by the party of the second part hereto to the party of the first part hereto." It can be seen that by the terms of that contract the plaintiff was obligated if and when the work was completed to discharge a certain indebtedness amounting to $5,000 and owing by said Gallena-Poole Company, Incorporated, to the plaintiff, which indebtedness was evidenced by a promissory note and which was offered in evidence as *Exhibit P-3*.

On the 9th day of March, 1925, the bond in suit was entered into between Gallena-Poole Company, Incorporated, as principal, Commercial Casualty Insurance Company as surety and Edmund D. Cook, Incorporated, its successors or assigns.

The evidence shows that Gallena-Poole Company, Incorporated, never began work under the contract, that it never performed the same, and that it has since become bankrupt and been discharged therefrom.

Plaintiff, after notice to the defendant, caused the work to be done at an expense to it of $4,228.62, and it is to recover these damages alleged to have been suffered by the plaintiff that this suit is brought.

The defendant interposed two affirmative defenses, (1) that because the Gallena-Poole Company, Incorporated, never began or completed performance of the contract and plaintiff never surrendered the note, the consideration of the contract to secure performance of which the bond was given failed, and (2) that subsequent to the making of the contract the parties thereto entered into a new agreement, by which the plaintiff accepted in full settlement and satisfaction of the note in question certain orders upon the board of chosen freeholders of Mercer county and thereby relinquished all of its rights under the contract and the bond thereby became discharged. The orders hereinbefore mentioned were not paid.

The facts as presented at the trial do not bear out the contention of the defendant as contained in its second affirmative defense and I am not impressed by it. The proofs show no new agreement between Gallena-Poole Company, Incorporated, and Edmund D. Cook, Incorporated, which prejudiced

the right of this defendant or extended the time of performance by Gallena-Poole Company, Incorporated, whereby the defendant surety would be released and discharged.

As to the defense of failure of consideration, the facts in this were proved but the conclusion that by reason thereof the consideration of the contract failed and the bond was thereby discharged, cannot be sustained. The contract provides that the note shall be canceled after the work is performed. What the evidence actually shows is a mere breach by Gallena-Poole Company, Incorporated, of its contract and what the defendant in effect says is that it should be discharged by reason of a breach of a contract which it guaranteed should not be breached.

That type of "failure of consideration" which is a defense is where the thing expected to be received by one party and given by the other party, cannot be or has not been given without fault of the party contracting to give it. Such a failure of consideration cannot take place except where the contract has been executed by one party or where the execution of the contract was induced by mutual mistake. Where the consideration intended to be given under an executory contract so fails no rights arise for either party but the contract is discharged.

The defense interposed assumes that no rights can accrue to the innocent party from the breach of an executory contract, except the recovery of a consideration already given, since it is predicated on the failure of plaintiff to cancel the note. If this be true, no one could ever recover for the breach of an executory contract.

One of the conditions of the bond on which the defendant was surety was that Gallena-Poole Company, Incorporated, should "well and truly in all things and in good, sufficient and workmanlike manner perform said contract *according to the true intent and meaning thereof.*"

The true intent and meaning of the contract was that the work should be performed according to the specifications and that it should be paid for by the cancellation of the note. The Cook Company was to pay no money out.

In order to realize on that note of Gallena-Poole Company, Incorporated, which it held, and cause its payment, in addition to having the work contracted for performed, the contract was entered into. The true intent and meaning of the contract was to have the note paid by the work. The bond in suit contemplated the whole contract between its principal and the plaintiff. One of the purposes of the contract was to procure the payment of the note and that was an obligation assumed by the surety when it became a party to the bond. If payment by plaintiff for the performance of the contract was to have been made in cash there would be some basis for the argument of the defendant. Had the contract been that plaintiff should pay $5,000 in cash for the performance of the work and that Gallena-Poole Company, Incorporated, in turn should use the $5,000 so paid to it, to pay the $5,000 note held by the plaintiff, it would not have been incumbent upon the plaintiff to have paid Gallena-Poole Company, Incorporated, the $5,000 in cash before it brought suit for failure to perform the contract. Payment was to be made in a specific way which could not be carried out because of the failure of Gallena-Poole Company, Incorporated, to perform. Instead of the work being done and the note being canceled, the plaintiff has had to pay out the money sued for to procure the performance of the work which the principal agreed to do and which the surety guaranteed. Plaintiff still has the note which is nearly worthless, and it presents just the contingency undoubtedly sought to be avoided by the contract. The contract was not for the mere surrender of a piece of paper, but for the payment of an obligation evidenced by that piece of paper. The plaintiff has suffered damage to the extent of $4,228.62 by its payment of that amount, which loss would not have been sustained and the payment would not have had to be made if Gallena-Poole Company, Incorporated, had performed. This loss the defendant by the terms of the bond, agreed to bear. One of the benefits to be secured by the bond was the payment of the note. The plaintiff is entitled to be placed in the position it would have been in if the contract had been fulfilled. The defendant is entitled

to the note, which the proof showed was worth $138.95, and for which amount credit should be allowed.

The plaintiff procured the work to be done for less than the amount specified in the contract.

It is admitted and proved by the evidence that there was a complete breach of the contract by Gallena-Poole Company, Incorporated, and the case resolves itself into a question as to what the measure of damages should be.

Of course, if the true measure of damages is the difference between what the contract stated the work was valued at and the amount that the plaintiff actually paid to have it done, there would be no recovery, possibly six cents, but that is not the true measure of damages. If it were, it would contravent the true intent and meaning of the contract. The true measure of damages is the actual loss sustained by the plaintiff by reason of the non-performance by Gallena-Poole Company, Incorporated, the principal on the bond, thereby precluding the plaintiff from cancelling the note of Gallena-Poole Company, Incorporated, which it held. Those damages are to be determined from the difference between the value to the plaintiff of the performance of the contract as evidenced by the cost to the plaintiff of causing said work to be done and the sum or value which plaintiff would have been compelled to pay had Gallena-Poole Company, Incorporated, performed said contract. The cost to the plaintiff of causing said work determined from the difference between the value to the plaintiff would have been compelled to pay had Gallena-Poole Company, Incorporated, performed said contract is nothing but the cancellation of the note hereinbefore referred to, the full value of which plaintiff had already paid.

The plaintiff is entitled to damages in the sum of $4,228.62, less the value of the note amounting to $138.95, making a sum of $4,089.67, with interest thereon from July 22d, 1927, the date upon which demand was made upon the defendant, a total sum of $6,250.74, and a judgment may be entered accordingly.